# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| EDWARD G. CRADER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10CV157 LMB |
| | ) | |
| STEPHEN N. LIMBAUGH, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Edward Crader for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). Named as defendant is Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri. Plaintiff believes that Judge Limbaugh violated his right to Due Process in the case of Crader v. Wal-Mart Stores, Inc., 1:09CV112 SNLJ (E.D. Mo.). Specifically, plaintiff alleges that Judge Limbaugh denied his request for appointment of counsel, used difficult terminology in written memoranda, and "dismissed the case without a proper hearing as required by Rule 12(i)." Plaintiff did not appeal from the final judgment in the case.

**Discussion**

The complaint is legally frivolous because judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all

jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)). And there is no question that Judge Limbaugh was acting within his jurisdiction when he decided the matters in the previous case.

Furthermore, it is apparent from the face of the complaint that plaintiff is attempting to use this action as a substitute for an appeal. This is impermissible. The complaint is legally frivolous for this reason as well.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 19th day of October, 2010.

／s／ Catherine D. Perry
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE